UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHERMAN GRIFFIN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:04CV835 ERW |
| | ) (TIA) |
| MIKE KEMNA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This cause is before the Court on Missouri state prisoner Sherman Griffin's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (filed July 2, 2004/Docket No. 1). All pretrial matters were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b).

On July 21, 1999, Petitioner was convicted by a jury in the Circuit Court of St. Louis City, Missouri, of one count of robbery in the second degree. (Resp. Exh. B at 49). On September 20, 1999, the circuit court sentenced Petitioner as a prior and persistent offender to thirty years. (Resp. Exh. B at 54-55). Petitioner appealed the judgment, and on October 10, 2000, Petitioner's conviction and sentence were affirmed on direct appeal by the Missouri Court of Appeals. (Resp. Exh. E; State v. Griffin, 28 S.W.3d 480 (Mo. Ct. App. 2000)). On December 4, 2000, Petitioner filed a motion for post-conviction relief under Rule 29.15. (Resp. Exh. F at 1). On January 18, 2001, Petitioner filed a pro se Motion to Vacate, Set Aside or Correct the Judgment or Sentence under Missouri Supreme Court Rule 29.15. (Resp. Exh. F at 6-16). On March 23, 2001, Petitioner's appointed counsel filed an Amended Motion to Vacate, Set Aside or Correct Judgment. (Resp. Exh. F at 24-30). The post-conviction relief court dismissed Petitioner's post-conviction motion without an evidentiary hearing

on January 11, 2002. (Resp. Exh. F at 33-38). On March 25, 2003, the Missouri Court of Appeals affirmed the dismissal of Petitioner's post-conviction relief. (Resp. Exh. I; Griffin v. State, 108 S.W.3d 46 (Mo. Ct. App. 2003)). On May 27, 2003, the Missouri Court of Appeals denied Petitioner's Motion for Rehearing and/or Transfer to the Missouri Supreme Court. (Griffin, 108 S.W.3d at 46). Petitioner pursued no other action for review of his convictions and sentence in state court. The instant petition for writ of habeas corpus, signed by Petitioner on June 29, 2004, and received by this Court on July 2, 2004, was filed July 2, 2004, upon Petitioner being granted leave to proceed in this cause in forma pauperis.

Petitioner is currently incarcerated at the Crossroads Correction Center in Cameron, Missouri, pursuant to the sentence and judgment of the Circuit Court of St. Louis City. In the instant petition for writ of habeas corpus, Petitioner raises four grounds for relief:

(1) That the trial court erred in denying Petitioner's motion for a discharge after the jury initially returned a verdict of not guilty of assault;

(2) That Petitioner was denied effective assistance of counsel in that appellate counsel failed to file a motion for rehearing or transfer;

(3) That the Rule 29.15 post-conviction court erred in denying his post-conviction relief without an evidentiary hearing; and

(4) That the Rule 29.15 post-conviction court erred in denying his post-conviction relief without conducting an independent inquiry into the cause of his untimely amended motion filing.

In response, Respondent contends that Petitioner has exhausted his claims inasmuch as they have been properly raised in the state courts or because Petitioner has no available non-futile state remedies by which he could present these claims.

In response to this Court's Order to Show Cause, Respondent requests the Court to dismiss

the instant petition arguing that the petition is untimely filed pursuant to 28 U.S.C. § 2244(d)(1) inasmuch as direct review of Petitioner's conviction and sentence concluded more than one year prior to the filing of the instant petition. Respondent first asserts that because Petitioner did not file a motion for rehearing or transfer in the Missouri Court of Appeals or a motion in the Missouri Supreme Court to transfer the case to that court, he is not entitled to the ninety-day period for seeking a writ of certiorari in the United States Supreme Court. Respondent argues that Petitioner's failure to seek transfer to the Missouri Supreme Court asking for discretionary review, Petitioner has waived his right to seek certiorari from the United States Supreme Court, and thus his conviction became final when the time for seeking further direct review in the state court expired. The Eighth Circuit Court of Appeals recently held otherwise specifically finding that Petitioner is entitled to the benefit of the ninety-day period for seeking a writ of certiorari from the United States Supreme Court even though he did not seek transfer to the Missouri Supreme Court. Pierson v. Dormire, No. 06-2545, slip op. at 14 (8th Cir. April 4, 2007).

Pursuant to 28 U.S.C. § 2244(d)(1)(A), a person in custody pursuant to the judgment of a state court has one year from the date upon which such judgment became final within which to submit an application for writ of habeas corpus in federal court under 28 U.S.C. 2254. For purposes of the statute, the state judgment is final upon "the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Judgment becomes final, and thus the one-year statute of limitations is triggered by either:

> (I) the conclusion of all direct criminal appeals in the State system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (ii) if certiorari was never sought, in the state system followed by the expiration of the time allotted for filing a petition for the writ.

Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998)). Because Petitioner did not file a petition for writ of certiorari upon the conclusion of his direct appeal in this cause, his state court judgment became final upon the expiration of his time to file such a petition. Pierson, No. 06-2545; see also Nichols v. Bowersox, 172 F.3d 1068, 1072 (8th Cir. 1999). Under United States Supreme Court Rule 13, a petitioner has ninety days from the entry of the judgment sought to be reviewed within which to petition the Supreme Court for a writ of certiorari. A petitioner who fails to seek discretionary review by the state court of last resort, such as Petitioner in the instant case, has ninety days after his conviction was affirmed on direct appeal to seek certiorari. Pierson, No. 06-2545; Nichols, 172 F.3d at 1072. Accordingly, the Eighth Circuit found that "a Missouri state prisoner's judgment becomes final within the meaning of 28 U.S.C. § 2244(d)(1)(A) exactly ninety days after his conviction is affirmed on direct appeal, even if he has not filed a motion for transfer to the Missouri Supreme Court." Pierson, No. 06-2545, at 14; Nichols, at 1072. In the instant cause, Petitioner's conviction was affirmed on direct appeal on October 10, 2000, and the Missouri Court of Appeals issued the mandate on November 2, 2000. Petitioner had ninety days thereafter in which to file a petition for a writ of certiorari with the United States Supreme Court. Petitioner did not seek certiorari in this cause, thus his state court judgment became final on February 2, 2001, ninety days after his conviction was affirmed on direct appeal. Id. As such, the one-year period within which Petitioner had to file a petition for writ of habeas corpus under 28 U.S.C. § 2254 commenced February 2, 2001.

Under 28 U.S.C. § 2244(d)(2), however, the one-year limitation period for filing a habeas petition is tolled while "a properly filed application for State post-conviction or other collateral review ... is pending." Williams v. Bruton, 299 F.3d 981, 982 (8th Cir. 2002). The pendency of post-

conviction review includes the time between the trial court's denial of post-conviction relief and the filing of an appeal from the denial in addition to the time during the appeal process, including such time during which Petitioner could seek further appellate review. Carey v. Saffold, 536 U.S. 214, 219-21 (2002); Beery v. Ault, 312 F.3d 948, 950 (8th Cir. 2002).

Petitioner filed a motion for post-conviction relief on December 4, 2000, thereby triggering the tolling provision of § 2244(d)(2). All appellate review of the motion ended on May 27, 2003, when the Missouri Court of Appeals denied his Motion for Rehearing/Transfer to Supreme Court, thereby ending the tolling of the one-year limitations period. Williams, 299 F.3d at 983; see also Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001) (time to seek certiorari after post-conviction review is not tolled). The Missouri Court of Appeals issued its mandate on July 2, 2003. (Resp. Exh. K). The limitations period in this cause was tolled from December 4, 2000, through July 2, 2003. Payne v. Kemna, 441 F.3d 570, 572 (8th Cir. 2006) (application for state post-conviction review is pending until the mandate is issued). Petitioner signed the instant petition on June 29, 2004,[1] 362 days after the conclusion of appellate review of his post-conviction motion. On the record before the Court, therefore, it appears that the instant petition was timely filed under 28 U.S.C. § 2244(d). Because Respondent declined to address the merits in the Response to Order to Show Cause, the undersigned will direct the Respondent to submit an additional Response addressing the merits of Petitioner's claims along with any additional necessary exhibits.

---

[1] The "prison mailbox rule" provides for habeas petitions to be effectively filed the date upon which the petition is delivered to prison authorities for mailing to the clerk of the court. Nichols v. Bowersox, 172 F.3d 1068, 1077 (8th Cir. 1999). Absent evidence to the contrary, the date upon which Petitioner signed the petition is sufficient indicia of the date upon which Petitioner delivered the petition to prison authorities. Accordingly, the undersigned considers the instant petition to have been filed June 29 ,2004, the date on which such petition was verified by Petitioner.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that Respondent shall file an additional Response to the Order to Show Cause addressing the merits of the claims asserted in Petitioner Sherman Griffin' petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (filed June 29, 2004/Docket No. 1) no later than May 7, 2007.

**IT IS FURTHER ORDERED** that in the event Petitioner chooses to file a Traverse that he do so no later than June 18, 2007; failure to file a Travers within this period may waive the right to file a Traverse.

Dated this  5th   day of April, 2007.

                                            /s/ Terry I. Adelman
                                        UNITED STATES MAGISTRATE JUDGE